NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES POSTAL SERVICE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 05-2663 (AET) |
| | : | |
| v. | : | |
| | : | MEMORANDUM OPINION |
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | : | |
| | : | |
| Defendant. | : | |

THOMPSON, U.S.D.J.

    This matter comes before the Court on the parties' cross-motions for summary judgment pursuant to Fed. R. Civ. P. 56. The Court has considered the submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Cross-Motion for Summary Judgment.

    On May 20, 2005, Plaintiff filed a complaint seeking to vacate a labor arbitration award. In that award, the arbitrator found that Plaintiff violated the parties' collective bargaining agreement when it refused to pay for travel time to employees who were reassigned to temporary duty stations following the temporary closing of the Trenton Processing & Distribution Center due to anthrax contamination. In its answer, dated July 7, 2005, Defendant filed a counterclaim for enforcement of the arbitration award. Defendant then filed its motion for summary judgment on that counterclaim on December 22, 2005. Plaintiff filed its cross-motion for summary

judgment on its claim that the award should be vacated on December 23, 2005.

In reviewing the decisions of arbitrators, a court "play[s] only a limited role." United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987). A court is "not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Id. An award will not be disturbed "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement' and is not merely 'his own brand of industrial justice.'" Id. (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). The arbitrator must "find facts and a court may not reject those findings simply because it disagrees with them." Id. at 38. Similarly, the arbitrator's interpretation of a contract is controlling, as long as he or she does "not ignore the plain language of the contract; . . . [and] a court should not reject an award on the ground that the arbitrator misread the contract." Id.

A court, however, may vacate an arbitrator's award "if it is entirely unsupported by the record or if it reflects a manifest disregard of the agreement." Citgo Asphalt Ref. Co. v. Paper, Allied-Industrial, Chem., & Energy Workers Int'l Union, Local No. 2-911, 385 F.3d 809, 816 (3d Cir. 2004) (quoting Exxon Shipping Co. v. Exxon Seaman's Union, 73 F.3d 1287, 1291 (3d Cir. 1996) (quotation marks omitted)). A court may also vacate an arbitrator's award if the award violates law or public policy. Misco, 484 U.S. at 42. In reviewing the arbitrator's decision, a court is deferential, and cannot require the arbitrator's decision to be either "wise [or] internally consistent." Citgo, 385 F.3d at 816.

Here, Plaintiff argues that the arbitrator's award should be vacated because (1) it is not supported by the record, and (2) it does not draw its essence from the agreement. Defendant

argues that the arbitrator's award should be enforced under the deferential standard that a court applies to such awards, and contends that Plaintiff's arguments fail.

Plaintiff bases its two arguments on the arbitrator's finding that the Trenton facility remained the official duty station for the reassigned employees while it was closed. Under the deferential standard used to review the arbitrator's award, this Court finds that the arbitrator's conclusion was supported by the record. The arbitrator reached his decision based on letters sent to the employees by management, the collective bargaining agreement, and other arbitration decisions. In addition, the Court finds that the arbitrator drew from the essence of the agreement to fashion his award. The arbitrator did not alter the agreement when he concluded that Plaintiff had not changed the official duty station for the reassigned employees. He interpreted the terms of the agreement within the scope of his authority. Therefore, this Court will not disturb the arbitration award.

For the foregoing reasons, Defendant's motion for summary judgment will be granted and Plaintiff's cross-motion for summary judgment will be denied. The accompanying order will be entered.

                                                                 s/ Anne E. Thompson
                                                                 ANNE E. THOMPSON, U.S.D.J.

Dated: April 6, 2006